IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

SARON ALEMSEGED                     )
1838 41ST PL SE                     )
Washington, DC 20020               )
                                    )
            Plaintiff                )
                                    )
      v.                            )      Case No. 1:26-cv-2352
                                    )
DEPARTMENT OF HOMELAND SECURITY      )
2707 Martin Luther King Jr Ave SE   )
Washington, DC 20528               )
                                    )
SERVE:                              )
Office of the General Counsel        )
U.S. Department of Homeland Security )
245 Murray Lane, SW                 )
Mail Stop 0485                      )
Washington, DC 20528-0485          )
                                    )
            Defendant                )

<u>COMPLAINT</u>

(Personal Injury- Motor Vehicle)

COMES NOW, Plaintiff, by and through undersigned counsel, Natalie Hinders, Esq. and

Malloy Law Offices, LLC., sues Defendant Department of Homeland Security (hereinafter

"Defendant") for cause states as follows:

1.     Plaintiff is a resident of the District of Columbia.

2.     Defendant is a department of the United States federal government.

3.     Jurisdiction before this Court is proper under 28 U.S. Code § 1346, 28 U.S.C. § 1331,

       and 28 U.S.C, § 2674.

4.     Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a), Plaintiff presented notice

       of her claim for money damages for injury to Defendant Department of Homeland Security,

1

in writing, sent certified mail, within two (2) years of the occurrence that forms the basis of Plaintiff's claim and this matter as stated herein.

5.    On or about April 13, 2026, Defendant Department of Homeland Security responded to Plaintiff's claim by denying the claim.

6.    This case arises from a motor vehicle collision occurring within the District of Columbia.

7.    At all times referred to herein, Bryan Simms was an employee of Defendant, who was working within the course and scope of his employment for the Defendant.

8.    On or about September 15, 2024, Plaintiff was operating her vehicle on the intersection of E Street and 3rd Street NW in the District of Columbia, when a vehicle owned by Defendant, operated by Defendant's employee, Bryan Simms, who was acting in the course of his employment for Defendant, ran a red light and struck Plaintiff's vehicle.

9.    At all times relevant hereto Plaintiff was exercising due care for her own safety, did not contribute to the collision, nor did she assume the risk of the injuries she sustained.

10.    Defendant's employee, Bryan Simms, while working within the course and scope of his employment for Defendant, owed a duty to Plaintiff and to other vehicles on the road to operate Defendant's vehicle in a lawful, careful and prudent manner, with that degree of care then and there required under the circumstances as they then existed, and to operate Defendant's vehicle with that degree of care and skill which a reasonable and prudent person would exercise, and abide by the traffic laws of the District of Columbia.

11.    Defendant's employee, Bryan Simms, breached said duty owed to Plaintiff by (a) failing to keep Defendant's motor vehicle under proper and sufficient control; (b) negligently traveling at a high and excessive rate of speed given the existing circumstances; (c) failing to yield the right of way to Plaintiff; (d) failing to apply the brakes of Defendant's vehicle in time so as to avoid said collision with the Plaintiff; (e) failing to pay reasonable time and

2

attention to other vehicles on the road, pedestrians, cyclists, and scooters; (f) failing to keep a lookout for other vehicles on the road, pedestrians, cyclists, and scooters; (g) failure to leave sufficient space between Defendant's vehicle and other vehicles on the road; (h) failed to stop at a red traffic signal; (i) failed to use audible and visual signals (such as emergency lights, signals, and/or sirens) to alert other vehicles of his intention to drive through a red traffic signal at the time of responding to an emergency; (j) failure to drive with due regard for the safety of all persons using the highway; (k) failed to abide by the traffic laws of the District of Columbia; and (l) was in other respects negligent, careless and reckless.

12.    As a direct and proximate result of Defendant's employee's negligence, as set forth above, and the resultant collision, Plaintiff was caused to suffer and sustain severe and painful injuries to her body, and was caused to suffer shock to her nerves and nervous system as well as mental anguish, incurred loss of employment and wages, suffered severe permanent injury, property damage expenses, incurred medical bills and other economic expenses, and was, is and will be otherwise hurt and injured.

13.    Defendant is liable for the negligence of its agents and employees, acting within the course and scope of their employment for Defendant through the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff, Saron Alemseged, claims the sums of ONE HUNDRED THOUSAND, TWO HUNDRED AND FIFTY DOLLARS ($100,250.00) as economic and non-economic damages, against Defendant Department of Homeland Security.

Respectfully submitted,

MALLOY LAW OFFICES, LLC

___/s/_Natalie Hinders_____
Natalie Hinders, Esq.
Bar ID #MD0092
7910 Woodmont Avenue,
Suite 1250
Bethesda, Maryland 20814
Tel. 202-464-0727
Fax. 888-607-8691
NatalieS@Malloy-Law.com
*Attorneys for Plaintiff*

<u>ELECTION FOR JURY TRIAL</u>

The Plaintiff elects to have the above matter tried before a jury.

___/s/__Natalie Hinders_____
Natalie Hinders, Esq.
Federal Bar #20918

4